UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:18CV238 NAB |
| ) | |
| NINA HILL, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Brandon Nicholas Barnett, an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without prepayment of the required filing fee. Having reviewed plaintiff's financial information, the Court will assess an initial partial filing fee of $1.00. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. ECF No. 2. On October 22, 2018, plaintiff informed the Court in a supplemental filing that he has attempted to obtain a six-month inmate account statement from the prison. ECF No. 5. As of this date, no account statement has been filed. Based on the financial information plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed

without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against ten defendants associated with SECC: Nina Hill (Nurse Practitioner); Dr. Unknown Winklemeyer (Specialist); Heather Tidwell (Nurse); Molly Leija (Health Services Administrator); Roxanne Anderson (Director of Nursing); Megan Crowe (Nurse); Jacquelyn Merideth (Nurse); Shaun Butts (Grievance Coordinator);[1] Paula Reed (Assistant Warden); and Jason Lewis (Warden).

Plaintiff's claims are centered on his belief that defendants have not properly treated his medical issues of body weight deterioration, stomach ulcers, and kidney disease. He asserts that as a result of inadequate medical treatment, he has suffered unnecessary pain for over two years and other mental and emotional injuries. He alleges violations of prison policies, cruel and unusual punishment, and deliberate indifference to his serious medical needs. He seeks declaratory relief, injunctive relief, and damages. In a proposed show cause order included in his complaint, plaintiff also requests Ensure shakes, diet bags, stronger medication, stamped envelopes for legal mail, probiotic digestive medication, and the Court to stop the defendants from retaliating against him for filing this suit.[2] Many of these same allegations appear to have

---

[1] Defendant Shaun Butts seems to have been inadvertently left off the docket sheet when this case was filed. The Court will direct the Clerk of Court to add his name to the list of defendants on the docket sheet in this matter.

[2] The Court acknowledges that prison officials have a constitutional obligation to allow prisoners access to the courts, which includes providing them with necessary postage, *e.g., Bounds v. Smith*, 430 U.S. 817, 824-25 (1977); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989), and that prisoners have a right to be free from retaliation.

been raised by plaintiff in an earlier-filed suit, *Barnett v. Lewis*, No. 1:18-CV-3 SNLJ, which was dismissed for failure to comply with a Court order.

**Discussion**

The allegations of plaintiff's complaint seem to divide the ten defendants into two categories. Plaintiff alleges deliberate indifference claims against defendants who participated in his medical care; and policy violation and supervisor liability claims against defendants who did nothing in response to his complaints about allegedly inadequate care. Accepting as true the allegations of the complaint, plaintiff has asserted sufficient facts to state a claim against some, but not all, defendants. As to the medical defendants who treated plaintiff, the complaint alleges sufficient facts to survive initial review on the claim of deliberate indifference to serious medical needs against defendants Hill, Winklemeyer, and Anderson, but not as to defendant nurses Tidwell, Crowe, and Merideth. As to the supervisory defendants who oversaw the decisions of others, the facts alleged do not indicate that these defendants were personally involved or directly responsible for plaintiff's treatment, as required for a § 1983 claim. Therefore, as discussed further below, defendants Tidwell, Crowe, Merideth, Leija, Butts, Reed, and Lewis will be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2).

**<u>Deliberate Indifference to Serious Medical Needs</u>**

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In

---

However, plaintiff does not seek this relief directly in his complaint and he names no defendant who has deprived him of postage or retaliated against him.

order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104-05. When a delay in treatment is alleged to have violated an inmate's constitutional rights, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (citing *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).

**Defendant Anita Hill**

Plaintiff alleges that nurse practitioner Hill informed him that he had stomach ulcers after he had complained for a year about stomach pain, vomiting blood, and blood in his urine. He asserts that the medications he was prescribed for the ulcers caused his kidneys to shut down. He is now underweight and seeks Ensure shakes, diet bags, proper pain medications, and treatment by an outside specialist for his ulcers and kidney failure. Plaintiff claims both a delay in diagnosis and treatment of his stomach ulcers, and also medical mistreatment in the care of his ulcers leading to pain and kidney failure. Ulcers are a serious medical problem and the alleged kidney failure is a serious result. Plaintiff alleges that Hill was aware of his serious medical problems and either ignored or was deliberately indifferent to them. Plaintiff's deliberate indifference claim against Hill states a plausible claim for relief under § 1983 and survives initial review.

**Defendant Dr. Unknown Winklemeyer**

Plaintiff alleges Dr. Winklemeyer, a medical specialist that he has seen by video conference, has done nothing to effectively treat his ulcers or kidneys. As a result, he still has occasional blood in his vomit, stool, and urine. Also it is painful when he urinates or has a bowel movement. Plaintiff states serious injuries resulting from a delay or denial of adequate medical care on the part of Dr. Winklemeyer, despite Winklemeyer's awareness of plaintiff's medical problems. Plaintiff's claim of deliberate indifference against Winklemeyer survives initial review.

**Defendant Roxanne Anderson**

Plaintiff describes two occasions where he self-declared medical emergencies and was seen by Anderson, the Director of Nursing. On one occasion, Anderson told plaintiff that he was underweight but then she failed to refer him to a doctor for Ensure shakes or diet bags. On a second occasion, Anderson informed plaintiff that his urine had tested positive for blood but she did not to refer him to a hospital. Plaintiff suggests that Anderson's intentional delay in his medical treatment has prolonged his injuries, caused him to suffer severe pain, and lead to a deterioration of his health. Plaintiff's claim of deliberate indifference to his serious medical needs against Anderson is also sufficient to survive initial review.[3]

**Defendant Heather Tidwell**

Unlike the other defendants, plaintiff states that nurse Tidwell "has not done anything wrong" but that she was coerced by Hill into writing down incorrect information. Plaintiff also specifically "exclude[d] Heather Tidwell from damages." ECF No. 1 at 3, 6. There is

---

[3] Plaintiff also alleges Anderson is in charge of responding to all medical grievance complaints and that she has repeatedly denied his medical requests and failed to correct the medical mistakes plaintiff complains of in his grievances. As discussed below, a supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate, and an alleged violation of prison grievance procedure is not actionable under § 1983. *See Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

insufficient factual basis in plaintiff's complaint to support a claim against defendant Tidwell and she will be dismissed from this matter.

**Defendants Megan Crowe and Jacquelyn Meredith**

Plaintiff alleges that "ad-seg" nurses Crowe and Meredith violated prison policy in not referring him to a doctor after his third medical complaint. He also asserts that their negligence has caused irreparable harm to his health. Allegations of mere negligence will not suffice for a showing of deliberate indifference. *Estelle*, 429 U.S. at 106. In addition, it is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Plaintiff's allegations against nurses Crowe and Meredith fail to state a claim so these defendants will be dismissed.

## Supervisor Liability and Policy Violations

Plaintiff's allegations against the remaining defendants are based on alleged prison policy violations and supervisor liability. "A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

A plaintiff may, under a theory of direct liability, maintain a civil rights claim against a prison official whose failure to train, supervise, direct, or control actions of a subordinate is such that it constitutes deliberate indifference to plaintiff's serious medical needs. *Moyers v. Buescher*, 806 F.Supp. 218, 220 (E.D. Mo. 1992). "[A] supervisor's liability arises if: 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Tlanka*, 244 F.3d at 635 (*quoting Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).

In addition, as mentioned above, it is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Also, there is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

**Defendant Molly Leija**

Plaintiff alleges that Leija, as Health Services Administrator, reviews medical staff decisions and despite plaintiff's "numerous" complaints, Leija "does nothing but let it go on." ECF No. 1 at 4. Plaintiff's claims that Leija failed to properly respond to his grievances fails to state a claim under 42 U.S.C. § 1983. Also, plaintiff does not allege Leija had a causal link to, or

any personal responsibility for, his allegedly inadequate medical treatment. Nor does he allege that a failure by Leija in supervising or training employees caused his deprivation of rights. The facts alleged are insufficient to sustain a § 1983 claim against Leija; she will be dismissed.[4]

**Defendant Shaun Butts**

According to plaintiff, Butts is responsible for responding to prisoner grievances. Plaintiff claims that Butts has failed to respond at all, or failed to respond in a timely manner, to many of plaintiff's grievances. Plaintiff seems to assert that this is a violation of prison policy. However, failure to follow prison policy is not basis for § 1983 liability. Additionally, "[t]he Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). The facts alleged fail to state a § 1983 claim against Butts and he will be dismissed.

**Defendants Paula Reed and Jason Lewis**

Plaintiff alleges that Assistant Warden Reed and Warden Lewis have failed to respond to all of his letters and have failed to correct the actions of their medical staff members. Again, plaintiff does not allege that defendants Reed and Lewis directly participated in the violation of his constitutional rights, but rather claims they are liable in a supervisory capacity for other medical staff member's treatment of him. Reed and Lewis cannot be liable for the actions of their employees based on respondeat superior under § 1983. Plaintiff does not allege Reed and Lewis had a causal link to, or any personal responsibility for, his allegedly inadequate medical treatment. Nor does he allege that a failure in their supervising or training of employees caused his deprivation of rights. As a result, plaintiff's complaint fails to state a § 1983 claim against Reed and Lewis.

---

[4] After the signature on his complaint, plaintiff writes "Memorandum of Law" and then lists what appears to be a series of case names and legal theories, including "supervisory officials aware of staff conduct and violations of law and policies," "failure to act by supervisory officials," and "failure to train." ECF No. 1 at 11. It is not clear which defendants the plaintiff intends to assert these legal theories against, but they are merely legal conclusions with no factual support and therefore do not survive initial review.

### Appointment of Counsel

Finally, plaintiff moves for appointment of counsel. After considering the motion and the pleadings, the motion is denied without prejudice to refiling at a later time.

There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within **twenty-one (21) days** of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to add defendant Shaun Butts (Grievance Coordinator) to the list of defendants on the docket sheet.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Nina Hill, Dr. Winklemeyer, and Roxanne Anderson, with regard to plaintiff's allegation of deliberate indifference to his serious medical needs.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Nina Hill, Dr. Winklemeyer, and Roxanne Anderson shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Heather Tidwell, Molly Leija, Megan Crowe, Jacquelyn Merideth, Shaun Butts, Paula Reed, and Jason Lewis because, as to these defendants, the complaint is legally frivolous or fail to state a claim upon which relief can be granted, or both. Plaintiff's claims against defendants Heather Tidwell, Molly Leija, Megan Crowe, Jacquelyn Merideth, Shaun Butts, Paula Reed, and Jason Lewis are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 6) is **DENIED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 31st day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE