UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDON NICHOLAS BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:18-CV-238 AGF |
| | ) | |
| NINA HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the multiple recent filings of *pro se* plaintiff Brandon Nicholas Barnett, an inmate at Southeast Correctional Center ("SECC"). On January 31, 2019, the Court directed the Clerk of Court to issue process upon plaintiff's 42 U.S.C. § 1983 complaint allegations of deliberate indifference to his serious medical needs as to defendants Nina Hill, Dr. Winklemeyer, and Roxanne Anderson. The Court dismissed the complaint as to all other named defendants. Plaintiff was also directed to pay an initial partial filing fee of $1.00 within twenty-one (21) days. As of February 21, 2019, defendants Anderson and Hill have waived service and their answers are due by April 1, 2019. ECF Nos. 13, 14.

On March 18, 2019, plaintiff informed the Court that he had gone through the proper "green check" procedure at SECC for issuance of the $1.00 filing fee to be paid to the Court. However, the fee has not been paid and plaintiff's requests for assistance from SECC staff are going unanswered. ECF No. 15. On March 21, 2019, plaintiff filed motions for injunctive relief (ECF No. 16) as to the processing of his filing fee payment, and for waiver of court fees (ECF No. 17). On March 25, 2019, plaintiff filed a motion for injunction and temporary restraining order (ECF No. 18) and a supplemental to his complaint (ECF No. 19), regarding allegations of a delay in medical treatment in retaliation for the filing of this suit. For the reasons discussed

below, plaintiff's motion for waiver of court fees will be granted and his motion for injunctive relief as to the processing of his filing fee payment will be denied as moot. Plaintiff's motion for a temporary restraining order regarding his medical treatment will be denied, but the Court will order that defendant Hill respond to plaintiff's motion for injunctive relief by April 8, 2019.

### Motion for Waiver of Court Fees (ECF No. 17)

On January 31, 2019, the Court reviewed plaintiff's financial information, granted his motion for leave to proceed *in forma pauperis*, and assessed an initial partial filing fee of $1.00 pursuant to 28 U.S.C. § 1915(b)(1). ECF No. 8. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

Plaintiff states in his March 18, 2019, filing that he signed a prison "green check" authorizing the $1.00 filing fee payment to the Court from his prison account. ECF No. 15. However, three days later, plaintiff filed a motion to waive the $1.00 court fee in which he stated that his payment of $1.00 has not been processed by SECC officials in retaliation for his filing of this suit. ECF No. 17. At one point in the filing, plaintiff states that he carries a debt balance on his prison account of $1,375.50. *Id.* at 1. However, later in the same filing, he states that he had "a dollar and 98 cents left on my account to pay the court fee." *Id.* at 2. Plaintiff admits that he was told to refile the "green check" due to not having sufficient money in his account, but he denies that there was a lack of funds to pay the court fee. Regardless, to the extent that plaintiff seeks a waiver of the $1.00 court fee, the Court will grant his motion. Upon consideration of the financial information provided by plaintiff, the Court finds that plaintiff is unable to pay any portion of the filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited

from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Motion for Injunctive Relief as to Processing of Filing Fee (ECF No. 16)**

In his March 21, 2019, motion for injunctive relief plaintiff asks the court:

> to intervene and hold April Sample, manager or director of SECC business office, and Jason Lewis in contempt of court for tampering with federal mail (U.S. postage mail) and retaliating against plaintiff by withholding process of his green check … And also taking plaintiff['s] mail on 2-11-19.
> ECF No. 16 at 1.

However, later in the motion, plaintiff states that he seeks relief "if the court doesn't waive [his $1.00 filing] fee." *Id.* Based on this statement, it seems that plaintiff's motion for injunctive relief is mooted by the Court's grant of his motion to waive the filing fee. Therefore, plaintiff's motion for injunctive relief (ECF No. 16) will be denied as moot.

**Motion for Injunction and Temporary Restraining Order as to Delay in Medical Care (ECF No. 18)**

Plaintiff filed another motion for injunction and temporary restraining order on March 25, 2019. ECF No. 18. In that motion, and his supplemental document filed the same date (ECF No. 19), plaintiff describes how he was seen by defendant Dr. Winklemeyer on January 15, 2019, to discuss his frequent need to urinate, inability to hold food in his stomach, and testicle pain. Dr. Winklemeyer referred plaintiff to be seen by a urologist and to have an endoscopy performed. Plaintiff says that he confirmed with Nurse Jackie on March 16, 2019, that the referral and recommendation for endoscopy were in his medical file. However, according to plaintiff, defendant Nina Hill is in charge of making the referrals at SECC and Hill has not made the referral in retaliation against plaintiff for the filing of this suit. Plaintiff alleges that this delay in medical care is causing him bodily harm including testicle and stomach pain, deterioration of his body, and blood in his stool. Plaintiff asks that the court "order Nina Hill, Jason Lewis, and

Molly Leija[1] [to] have [him] sent to urologist and to get endoscopy done and have specialist orders carried out by 8-21-19 or before." ECF No. 18 at 1.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). These factors are also considered to determine the propriety of a temporary restraining order. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

"In balancing the equities no single factor is determinative." *Dataphase,* 640 F.2d at 113. The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987).

First, the Court notes that plaintiff filed his motion for a temporary restraining order *ex parte* – plaintiff submitted his motion to the Court without adequately giving notice to the adverse parties. Under Fed. R. Civ. P. 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

---

[1] Jason Lewis (Warden at SECC) and Molly Leija (Health Services Administrator at SECC) were dismissed from this case on January 31, 2019, for failure to state a claim under 28 U.S.C. § 1915(e). *See* ECF Nos. 8, 9.

- 4 -

In the instant case, it does not clearly appear from specific facts shown either by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to plaintiff before the adverse parties or their attorneys can be heard in opposition. Moreover, plaintiff has not certified in writing the reasons why notice should not be required. Generally, the Court finds that plaintiff has failed to demonstrate at this stage of the proceedings that he is likely to suffer an immediate and irreparable injury if immediate relief is not granted. In fact, plaintiff's motion does not even seek immediate relief, only an order that he receive medical services by August 21, 2019. For all of these reasons, the motion for a temporary restraining order will be denied.

To the extent plaintiff seeks preliminary injunctive relief, the Court will order an expedited response to plaintiff's motion from defendant Nina Hill. A waiver of service letter was signed January 31, 2019, by Nina Hill and requires her answer to plaintiff's complaint by April 1, 2019. The Court will order that defendant Hill respond to the allegations raised by plaintiff in his motion for injunctive relief and supplemental filing (ECF Nos. 18, 19), within one week of his answer, or by April 8, 2019. Specifically, defendant Hill shall respond to plaintiff's assertion that she is retaliating against him by not processing his referral to a urologist and recommendation for an endoscopy made by Dr. Winklemeyer on January 15, 2019.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to waive the $1.00 filing fee [ECF No. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [ECF No. 16] as to the processing of his filing fee payment is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunction and temporary restraining order [ECF No. 18] is **DENIED as to the temporary restraining order** but the motion for preliminary injunction remains pending.

**IT IS FURTHER ORDERED** that defendant Nina Hill should respond to plaintiff's motion for injunctive relief [ECF No. 18] in writing **by April 8, 2019**.

Dated this 27th day of March, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE