**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON NICHOLAS BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:18-CV-238 AGF |
| | ) | |
| NINA HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon *pro se* plaintiff Brandon Nicholas Barnett's motion

for preliminary injunction, and ten other filings from plaintiff seeking relief from the Court. For

the reasons discussed below, all of plaintiff's motions will be denied except his motions for

issuance and service of summons upon defendant "Dr. William K. Winkelmeyer." ECF Nos. 30

& 35.

### Background

Plaintiff is an inmate at Southeast Correctional Center ("SECC") in Charleston, Missouri.

On January 31, 2019, the Court reviewed plaintiff's 42 U.S.C. § 1983 complaint and directed the

Clerk of Court to issue process upon plaintiff's allegations of deliberate indifference to his

serious medical needs as to defendants Nina Hill, Dr. Winkelmeyer, and Roxanne Anderson.

ECF No. 8. The Court dismissed the complaint as to all other named defendants. Plaintiff was

also directed to pay an initial partial filing fee of $1.00 within twenty-one (21) days; however,

the Court later granted plaintiff's motion to waive this fee. ECF Nos. 17 & 20.

On March 25, 2019, plaintiff filed a motion for injunction and temporary restraining

order, regarding allegations of a delay in medical treatment in retaliation for the filing of this

suit. ECF No. 18. The Court denied plaintiff's motion for a temporary restraining order

regarding his medical treatment, but ordered defendants to respond to plaintiff's motion for injunctive relief by April 8, 2019. ECF No. 20. On March 29, 2019, defendants Anderson and Hill filed their answer to the complaint and on April 5, they filed a response to the motion for injunction. ECF Nos. 21 & 25. Service has not yet been executed on the third defendant, Dr. Winkelmeyer.

Since the Court's order requiring defendants to answer plaintiff's arguments for injunctive relief, plaintiff has filed two supplemental filings (ECF Nos. 22 & 34) and eight motions for relief (ECF Nos. 26-28, 30-33, & 35).

**Motion for Injunction as to Delay in Medical Care (ECF No. 18)**

*Arguments of the Parties*

In plaintiff's motion and supplemental document filed the same date (ECF No. 19), he states that he was seen by defendant Dr. Winkelmeyer on January 15, 2019, to discuss his frequent need to urinate, inability to hold food in his stomach, and testicle pain. According to plaintiff, Dr. Winkelmeyer referred him to be seen by a urologist and to have an endoscopy performed. Plaintiff says that he confirmed with Nurse Jackie on March 16, 2019, that the referral and recommendation for endoscopy were in his medical file. However, according to plaintiff, defendant Nina Hill is in charge of making the referrals at SECC and Hill has not made the referral in retaliation against plaintiff for the filing of this suit. Plaintiff alleges that this delay in medical care is causing him bodily harm including testicle and stomach pain, deterioration of his body, and blood in his stool. Plaintiff asks that the court "order Nina Hill, Jason Lewis, and Molly Leija[1] [to] have [him] sent to urologist and to get endoscopy done and have specialist orders carried out by 8-21-19 or before." ECF No. 18 at 1.

---

[1] Jason Lewis (Warden at SECC) and Molly Leija (Health Services Administrator at SECC) were dismissed from this case on January 31, 2019, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *See* ECF Nos. 8, 9.

Defendants submit a declaration from defendant Hill, a Nurse Practitioner, and plaintiff's medical records in support of their arguments. Records indicate that plaintiff had a telemedicine visit with Dr. Winkelmeyer, a nephrologist or kidney disease specialist, on January 15, 2019. Defendants admit that Dr. Winkelmeyer recommended an upper GI endoscopy; however, defendants deny that Dr. Winkelmeyer referred plaintiff to a urologist. ECF Nos. 25-1 ¶ 56, 25-2 at 143. According to defendant Hill, Dr. Winkelmeyer recommended the endoscopy based on plaintiff's unsubstantiated reports of having blood in his vomit, urine, and stool. After receiving the recommendation, defendant Hill consulted with a SECC doctor. They decided to obtain stool samples and do a urinalysis in order to confirm the presence of blood, before deciding whether to do the endoscopy, given that plaintiff's hemoglobin and hematocrit levels suggested no bleeding. ECF No. 25-1 ¶ 56. A urinalysis performed three days later showed no blood in plaintiff's urine. *Id.* ¶ 57. Ten days following that test, plaintiff refused to "take a card for a fecal specimen," thereby preventing defendant Hill from confirming the presence of blood in his stool. *Id.* Without any medical evidence of blood in his urine or stool, Hill did not order the endoscopy because there was no indication that it was a "medical necessity." ECF No. 25 at 20. According to defendants, all of Dr. Winkelmeyer's recommendations have been followed except as to the unnecessary endoscopy.

Plaintiff has submitted several filings in the last few weeks seeking relief on other issues (detailed below), but some of those filings also contain additional arguments for his motion for an injunction. In one such filing, plaintiff argues that he is "threatened with irreparable harm because of the nature of his injury, stomach ulcers, and kidney failure with vomiting, blood in stool, and constant diarrhea, and constant loss of weight drastically with bones, muscles, and joint deterioration." ECF No. 26 at 1. He states that if he does not get medical treatment it could lead to "permanent kidney failure, death, and loss of body organs and limbs." *Id.* He also adds

to the list of relief he seeks with the motion for injunction. In addition to wanting to see a urologist and get an endoscopy, plaintiff also wants to be sent to an emergency room for testing to "find out all health issues." *Id.* at 2. Plaintiff warns of the possibly of permanent "testicle shrinkage"[2] if he does not see a urologist immediately. ECF Nos. 27 & 32.

Although plaintiff filed these documents after defendants' filed their response to the motion for injunction, defendants did address plaintiff's other health issues in their response. Based on plaintiff's medical records, defendant Hill states that: (1) there is no evidence in the record that plaintiff has stomach ulcers; (2) plaintiff has not taken his stomach acid and heartburn medications consistently, and there is no evidence that such medications have shut down one of his kidneys (instead medical tests show that plaintiff was born with only one kidney); and (3) plaintiff has experienced fluctuations in his weight since 2016 but they have been addressed with diet bags and Ensure shakes, and plaintiff's current Body Mass Index ("BMI") is normal. ECF No. 25 at 20-21.

<u>Legal Standard for Injunctive Relief</u>

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). "In balancing the equities no single factor is determinative." *Id.* at 113. The relevant inquiry is "whether the balance of equities so favors the movant that

---

[2] The Court notes that plaintiff's complaint, upon which the court issued summons against three defendants, contained no mention of any medical problems with his testicles, including testicular pain or shrinkage. *See* ECF No. 1. However, these complaints have been raised in many of plaintiff's recent filings. *See* ECF Nos. 27 (complaining of pain in his testicles and testicle shrinkage) & 32 (complaining of testicle shrinkage and that his testicles are not the same size as found in genital exam by defendant Hill). According to a review of the Court's docket, plaintiff filed a separate complaint in this Court against defendant Hill and others concerning testicle pain and shrinkage. *See Barnett v. Hill,* No. 1:19-CV-8-JMB (E.D. Mo. Jan. 16, 2019). That case is still pending. Plaintiff is warned that the only claims for relief that are before the Court here are the ones stated in his operative complaint.

justice requires the court to intervene to preserve the status quo until the merits are determined."

*Id.* The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987).

<u>*Discussion*</u>

Plaintiff has not met his burden of proving that injunctive relief is warranted here. Records indicate that Dr. Winkelmeyer did not refer plaintiff to a urologist after their January 19 telemedicine visit, as stated by plaintiff. Although Dr. Winkelmeyer did recommend an endoscopy, it was based on plaintiff's reports of blood in his stool and urine. Defendant Hill was unable to substantiate these complaints when a urinalysis indicated otherwise and plaintiff refused to provide a fecal sample for a stool test. It was not unreasonable for defendant Hill to seek medical evidence of the presence of blood in plaintiff's urine and stool before recommending the endoscopy. And since she was unable to find such, it was not unreasonable that Hill never requested an endoscopy for plaintiff as recommended by Dr. Winkelmeyer.

As for plaintiff's other health concerns and his request for complete medical testing of his entire body, plaintiff's complaint in this case centers on the belief that defendants have not properly treated his medical issues of body weight deterioration, stomach ulcers, and kidney disease. Although plaintiff has experienced periods of unexplained weight loss since 2016, this medical problem has been repeatedly addressed with antibiotics twice for stomach bacteria, diet/snack bags, and Ensure shakes. At times, plaintiff was denied nutritional supplements but only when his BMI reflected that supplements were not needed or when he was seen wasting or abusing the supplements.

Although plaintiff reports that medications he has taken for stomach acid and heartburn have caused him to develop stomach ulcers, there is no such medical evidence in the record. Plaintiff has been prescribed medications such as Zantac and Omeprazole – a proton-pump

inhibitor used to treat heartburn, damaged esophagus, stomach ulcers, and gastroesophageal reflux disease ("GERD"). ECF No. 25 at 6. But these medications were prescribed to control his stomach acid and reduce his stomach pain. Plaintiff's medical records do not indicate a stomach ulcer diagnosis by a treating medical provider. ECF No. 25-2 at ¶ 6. However, in July 2017, plaintiff self-declared a medical emergency and repeatedly informed the nurse that he had stomach ulcers. ECF No. 25-2 at 38. But plaintiff also admitted that he had not been taking the medication prescribed to treat his stomach pain. *Id.* Records indicate that plaintiff has failed or refused to take prescribed medications frequently. ECF No. 25-2 at 7, 32, 38, 48, 54, 103, & 121.

It is undisputed that plaintiff has been diagnosed with chronic kidney disease ("CKD") and he has had frequent treatment for his slowly worsening kidney function. Plaintiff has received counseling on his diet and fluid intake, chronic care appointments, frequent urine tests, and consultations with nephrologist Dr. Winkelmeyer since January 2018. Plaintiff argues that prescribed medications have caused one of his kidneys to shut down. However, according to an abdominal ultrasound and CT scan of his abdomen, the radiologist presumed that plaintiff's left kidney was "congenitally absent" – or absent since birth. ECF No. 25-2 at 96.

After weighing the *Dataphase* factors, the Court finds that plaintiff has failed to demonstrate at this stage of the proceedings that he is likely to succeed on the merits of his claims and that he will suffer an immediate and irreparable injury if the Court does not grant the requested injunctive relief. Undoubtedly, plaintiff has chronic kidney disease, but the Court does not see how plaintiff's requests to see a urologist or get an endoscopy would cure or even help treat this problem. Plaintiff is causing harm to himself by refusing to regularly take prescribed medications and refusing to provide a fecal sample to test for blood in his stool. Plaintiff's motion for an injunction will be denied.

**Motions for Physical Exam (ECF Nos. 28, 32, & 34)**

Plaintiff has filed three separate motions asking the Court to order a physical exam of his body by April 30, 2019. ECF Nos. 28, 32, & 34. Specifically, plaintiff seeks "a full physical examination from a physician … for every type of test that could be wrong with the body, organs, stomach, muscles, kidneys. Including full CT scan and upper and lower GI testing." ECF No. 28 at 1. Plaintiff brings these motions under Missouri Revised Statute § 510.040, which allows a court to order a party to submit to a physical or mental examination by a physician when the mental or physical condition of the party is in controversy. In addition to the fact that this is a rule of civil procedure pertaining to pretrial discovery in Missouri state courts, while this case is pending in federal court, plaintiff's request is overbroad and also premature as this case is not yet in the discovery phase. Plaintiff's motions for a physical and/or mental examination will be denied.

**Additional Motions Filed by Plaintiff (ECF Nos. 22, 26, 27, 30, 31, 33, & 35)**

On April 1, 2019, plaintiff filed a document titled "Motion to Add New Exhibit Evidence," to which he attached a letter he received from the Department of Corrections in response to a medical grievance that he filed. ECF No. 22.[3] Plaintiff asks the Court to add this new evidence showing that he was ordered "Omeprazole 40 mg daily" by a specialist. However, this evidence is already in the medical records filed and is not disputed by defendants. *See* ECF Nos. 25 at 17, 25-2 at 144. Therefore, to the extent this document can be interpreted as a motion, it will be denied as moot.

On April 15, 2019, plaintiff filed two motions asserting that he should be granted injunctive relief by default because defendant Hill did not respond to plaintiff's motion by the

---

[3] The Court notes that plaintiff also attached what appears to be a proposed Show Cause Order for the Court to issue. ECF No. 22-1. Plaintiff has filed other proposed orders and summons in this case. *See* ECF Nos. 1 at 5 & 7. Plaintiff should discontinue the practice of filing proposed orders, as they are unnecessary.

deadline set by the Court.  ECF Nos. 26 & 27.  This is simply not true.  The Court ordered a

response to plaintiff's motion for injunction by April 8, and Hill filed a response on April 5.

These motions will be denied.

Plaintiff filed two motions "to issue summons" and serve party regarding service on the

third defendant, Dr. Winkelmeyer.  ECF Nos. 30 & 35.  There has been some confusion about

the spelling of Dr. Winkelmeyer's name.  *See* ECF Nos. 23 & 29.  However, plaintiff now states

that his full name is "William K. Winkelmeyer" and requests the Court issue summons to be

served immediately by the U.S. Marshal's Office.  ECF No. 30.  This spelling of defendant's

name has been confirmed in a recent filing by defense counsel.  ECF No. 36.  These motions will

be granted and summons will be issued.  *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir.

1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more

than information necessary to identify defendant; Marshal should be able to ascertain defendant's

current address).

Plaintiff also filed a motion seeking that this case be referred to alternative dispute

resolution or early neutral evaluation.  ECF No. 31.  This request is premature because all the

defendants have not yet been served or answered, and a case management order has not yet been

issued.  This motion will be denied.

Finally, plaintiff requests that all his civil cases be referred to a U.S. Magistrate Judge.

ECF No. 33.  It is not clear from plaintiff's "motion" why he seeks this relief – or if he is simply

trying to submit his consent to magistrate jurisdiction.  However, to the extent plaintiff intends

this as a motion for relief, this motion will be denied because plaintiff does not get to select to

whom his case is assigned.  *Hvass v. Graven*, 257 F.2d 1, 5 (8th Cir. 1958) ("[A] litigant has no

vested right to have his case tried before any particular judge.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for injunction and temporary restraining order [ECF No. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to add evidence [ECF No. 22] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction to be granted [ECF No. 26] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of default on preliminary injunction [ECF No. 27] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order of physical examination [ECF No. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to change the spelling on the docket sheet to "Dr. William K. Winkelmeyer."

**IT IS FURTHER ORDERED** that plaintiff's motions to issue summons and serve party [ECF Nos. 30 & 35] are **GRANTED**. The Clerk shall issue process or cause process to issue upon the complaint as to defendant Dr. William K. Winkelmeyer.

**IT IS FURTHER ORDERED** that plaintiff's motion for referral to alternative dispute resolution [ECF No. 31] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for physical and mental examination [ECF No. 32] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for refer his cases to a magistrate judge [ECF No. 33] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for physical and mental examination [ECF No. 34] is **DENIED**.

Dated this 1st day of May, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE