# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

BRANDON NICHOLAS BARNETT,  )
            )
   Plaintiff,     )
            )
  vs.        )   Case No. 1:18-CV-238 AGF
            )
NINA HILL, et al.,    )
            )
   Defendants.   )

## MEMORANDUM AND ORDER

This matter is before the Court upon *pro se* plaintiff Brandon Nicholas Barnett's motions for injunctive relief, for leave to add exhibits to his complaint, and for appointment of counsel. Plaintiff's request to add complaint exhibits will be granted. However, for the reasons discussed below, plaintiff's second requests for injunctive relief and appointment of counsel will be denied.

### Background

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights against ten defendants associated with SECC. Plaintiff asserted multiple claims relating to his health problems of body weight deterioration, stomach ulcers, and kidney disease. Upon initial review under 28 U.S.C. § 1915(e)(2), the Court directed the Clerk of Court to issue process upon plaintiff's complaint regarding allegations of deliberate indifference to his serious medical needs as to three defendants: nurse practitioner Nina Hill, kidney specialist Dr. Winkelmeyer, and director of nursing Roxanne Anderson. All other claims and defendants were dismissed. Plaintiff's first motion for appointment of counsel was also denied at that time. *See* ECF No. 8.

On March 25, 2019, plaintiff filed his first motion for injunction and temporary restraining order relating to his allegations of delay in medical treatment. ECF No. 18. Plaintiff argued that

defendant Hill disregarded a recommendation from kidney disease specialist defendant Dr. Winkelmeyer for plaintiff to have an endoscopy performed and for him to see a urologist.

The Court denied plaintiff's request for a temporary restraining order, finding that plaintiff failed to demonstrate that he was likely to suffer an immediate and irreparable injury if immediate relief was not granted. ECF No. 20. However, the Court did order an expedited response from defendants regarding plaintiff's arguments for preliminary injunctive relief. Defendants denied that Dr. Winkelmeyer had referred plaintiff to a urologist, submitting medical records in support. Defendant Hill responded that Dr. Winkelmeyer recommended the upper GI endoscopy based on plaintiff's unsubstantiated reports of blood in his vomit, urine, and stool, but that a urinalysis indicated no blood in plaintiff's urine and that plaintiff had refused to provide a stool sample to confirm the presence of blood in his stool. Without any medical evidence of blood in his urine or stool, defendants argued that the endoscopy was not a medical necessity. On May 1, 2019, the Court denied plaintiff's motion first for injunctive relief, finding that it was reasonable for defendant Hill to not request an endoscopy without medical evidence of blood in plaintiff's urine or stool. *See* ECF No. 37 at 5.

On May 31, 2019, plaintiff filed a second motion for injunctive relief relating to medical care, and a motion for leave to introduce exhibits to his complaint. On June 17, 2019, plaintiff filed a second motion for appointment of counsel. These motions are now before the Court.

**Motion for Injunctive Relief**

*Plaintiff's Arguments*

In plaintiff's second motion for injunctive relief he again requests that the Court order defendants give him an upper GI endoscopy in order to ascertain what is causing the blood in his

stool.[1]  According to plaintiff, he had blood in his stool for seven days of the ten-day period from May 14 to May 24, 2019.  He reports that he provided SECC "nurse Mike" with a stool sample, that he self-declared multiple medical emergencies regarding the blood in his stool, and that multiple SECC correctional officers witnessed the blood in his stool.  Plaintiff states that he was informed by a SECC nurse (who is not a defendant here) that "medical can't do anything about blood in stool."  ECF No. 39 at 2.  Plaintiff claims a history of hematochezia[2] and asserts that without proper testing his health will continue to deteriorate.

_Legal Standard_

"A preliminary injunction is an extraordinary remedy never awarded as of right."  _Winter v. Nat. Res. Def Council, Inc._, 555 U.S. 7, 24 (2008).  "Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  _Dataphase Sys., Inc. v. C L Sys., Inc.,_ 640 F.2d 109, 113 (8th Cir. 1981).  "In balancing the equities no single factor is determinative."  _Id._ at 113.  The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  _Id._

A request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and

---

[1] In addition to medical problems related to blood in his stool, plaintiff again mentions problems with his testicles in his second motion for injunctive relief.  However, as explained by the Court in its May 1, 2019, Order, the only claims for relief before the Court in this matter are the ones stated in the operative complaint.  The complaint, upon which the court issued summons against three defendants, contained no mention of any medical problems with his testicles, including testicular pain or shrinkage.  _See_ ECF No. 1.  Plaintiff has a different complaint pending in this Court against defendant Hill and others, concerning testicle pain and shrinkage.  _See Barnett v. Hill_, No. 1:19-CV-8-JMB (E.D. Mo. Jan. 16, 2019).  Assertions that do not appear in the complaint cannot form the basis for a preliminary injunction.  _See Devose v. Herrington_, 42 F.3d 470, 471 (8th Cir. 1994).

[2] According to Merriam-Webster online dictionary, "hematochezia" refers to the passage of blood in the feces.

intractable problems of prison administration.' " *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (*quoting Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).   The burden of proving that a preliminary injunction should be issued rests with the party seeking injunctive relief.   *Mgmt. Registry, Inc. v. A. W. Cos., Inc.*, 920 F .3d 1181, 1183 (8th Cir. 2019).

*Discussion*

In response to plaintiff's first motion for injunctive relief, defendant Hill stated that one of the reasons she did not order an endoscopy for plaintiff was because he had refused to provide a stool sample.   Plaintiff now asserts that he has provided "nurse Mike" with a stool sample, however he does not state when he did that.   Presumably it was sometime between May 14 and 24, 2019. Plaintiff then filed this motion for injunctive relief on May 31.   However, the motion never mentions any of the three named defendants in this matter.   In addition, nothing in plaintiff's motion indicates that defendant Hill is aware that a stool sample has been provided, that there has been time to test the sample, and that Hill is continuing to deny plaintiff a needed endoscopy.

Plaintiff has not met his burden of demonstrating that injunctive relief is warranted here. First, he has not made a showing of irreparable harm.   Plaintiff states that he fears the blood in his stool could be from a ripped stomach lining, colon cancer, or ulcers, but these are all conjecture with no factual support.   His assertion that the blood in his stool amounts to imminent danger and constitutes irreparable harm (and could possibly lead to death) is unsubstantiated – especially given his admitted history of having blood in his stool.   Also, as discussed in the Court's order denying plaintiff's first injunctive relief motion, plaintiff's medical records do not indicate that a treating medical provider has even diagnosed him as having stomach ulcers.   *See* ECF No. 25-2 at ¶ 6.   Second, granting plaintiff's motion would be harmful to the nonmoving party, because it touches on the merits of the case before defendants have had an opportunity to respond.   Finally, the fact that plaintiff's case involves issues of prison administration weighs

against the granting of an injunction here. Therefore, after weighing the *Dataphase* factors, the Court finds that plaintiff's motion must be denied. However, the Court will grant plaintiff's motion to add exhibits to his complaint.

Despite the Court's ruling denying injunctive relief, the Court would encourage defendants to inquire of SECC medical personnel as to whether a stool sample has been received from plaintiff, and if such a sample cannot be located, to consider collecting another stool sample from plaintiff to determine whether an endoscopy is needed.

**Appointment of Counsel**

Finally, plaintiff requests appointment of counsel again, or for the Court to reconsider its earlier decision to deny appointment of counsel. Plaintiff complains that defendants have not responded to his discovery requests that he mailed over two weeks ago. Again, the Court reminds plaintiff that no case management order has been issued in this case yet, as service and an answer is still needed from one defendant. Plaintiff argues that "this case is more complicated than a typical failure to treat claim" and is too complex for plaintiff "to understand and present to [the] jury" on his own. ECF No. 41.

After considering the motion and the pleadings, plaintiff's motion is denied without prejudice to refiling at a later time. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the

Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for injunctive relief [ECF No. 39] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to add exhibits to his complaint [ECF No. 40] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 41] is **DENIED**.

Dated this 24th day of June, 2019.

_Audrey G. Fleissig_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE