UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18-CV-238 AGF |
| v. ) | |
| ) | |
| NINA HILL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant William Winkelmeyer's motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 61. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff, an inmate in the custody of the Missouri Department of Corrections, filed this action under 42 U.S.C. § 1983 alleging that he received inadequate medical care at the Southeast Correctional Center in Charleston, Missouri. The facts alleged in Plaintiff's complaint as pertinent to his claim against Winkelmeyer are as follows.

In February 2016, Plaintiff began to complain of stomach pain as well as blood in his vomit and urine. ECF No. 1 at 3. Roughly a year and a half later, Plaintiff underwent testing and was diagnosed with ulcers, for which he was prescribed Prilosec and Protonix. *Id.* Plaintiff states that these medications caused his kidneys to fail. Over the next year, he continued to deteriorate and lose weight and repeatedly requested to see a

specialist. *Id.* Plaintiff first met with Winkelmeyer, a nephrologist, via teleconference on March 8, 2018. According to Plaintiff, Winkelmeyer did not initiate any treatment or prescribe additional medication at that time but scheduled Plaintiff for a follow-up visit in three months. *Id.* At that visit, Winkelmeyer prescribed "stronger blood pressure pills" and Carafate for Plaintiff's ulcers. *Id.* Despite this medication, Plaintiff continued to experience pain during urination and bowel movements, as well as blood in his vomit, stool, and urine. *Id.*

On October 9, 2018, Plaintiff filed this action against the medical professionals involved in his care and several correctional defendants who allegedly ignored his complaints. *Id.* As relevant to the present motion, Plaintiff alleges that Winkelmeyer "did nothing" for him and thereby provided inadequate medical treatment, resulting in Plaintiff's ongoing symptoms and pain. *Id.* Plaintiff alleges that he has endured years of pain and suffering due to the "defendants' actions motivated by reckless or callow indifference to [his] rights." *Id*. at 6.

Upon initial review under 28 U.S.C. §1915(e), this Court (J. Autrey) dismissed Plaintiff's claims against some defendants for failure to state a claim. ECF No. 8. However, the Court allowed Plaintiff's claim against Winkelmeyer to proceed, reasoning that the pleadings were sufficient to survive initial review in this respect. *Id*. at 6.

Defendant now moves for dismissal pursuant to Rule 12(b)(6), asserting that Plaintiff fails to state a claim under § 1983 in that Plaintiff fails to allege facts rising to the level of deliberate indifference. ECF No. 61. Plaintiff has not responded to the motion, and the time to do so has passed.

## DISCUSSION

**Pleading Standards**

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (reversing dismissal of a pro se prisoner complaint alleging denial of medical care). Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Id*.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. It "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Layton v. Frontline Asset Strategies*, LLC, 4:16CV00454 AGF, 2016 WL 4158904, at *2 (E.D. Mo. Aug. 5, 2016) (citing *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001)).

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts are not bound to accept as true a legal conclusion

couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). A court must consider the plausibility of the plaintiff's complaint as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94. Pro se pleadings should be liberally construed. *Id*.

**Analysis**

It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment that violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To state a cognizable Eighth Amendment claim for failure to provide medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs. *Id*. A total deprivation of care is not required; grossly incompetent or inadequate care can also constitute deliberate indifference, as can a doctor's decision to take a less efficacious course of treatment. *Landford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010). But a plaintiff must show more than negligence or even gross negligence. *Id*. at 460.

Winkelmeyer does not dispute that Plaintiff has a serious medical need. He argues only that Plaintiff fails to plead sufficient facts rising to the level of deliberate indifference. In support of his position, Winkelmeyer relies on *Martinez v. Turner*, where the plaintiff alleged that the defendants failed to provide proper medical care for

his dislocated shoulder.  977 F.2d 421 (8th Cir. 1992).  The court upheld the dismissal of his claim because attachments to the pleadings showed that the plaintiff's shoulder had been treated, and "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." *Id.* at 423.  Winkelmeyer also cites *Taylor v. Bowers* for the general proposition that a mere negligent failure to diagnose or treat a condition, or an alleged delay in treatment, is insufficient to establish a constitutional violation.  966 F.2d 417 (8th Cir. 1992).  While these authorities are sound on their facts, they do not compel dismissal here.  Unlike *Martinez*, Plaintiff's treatment history is not clearly verifiable from his pleadings.  And *Taylor* was decided on a full summary judgment record.  Here, based solely on the pleadings, the Court cannot say that Plaintiff's complaint is so facially deficient as to warrant dismissal at this stage.

Plaintiff pleads that Winkelmeyer "did nothing for me at all" at the first visit and "did nothing for my kidney" at the second visit, such that Plaintiff continued to have blood in his vomit, urine, and stools and pain when using the toilet.  Plaintiff further pleads that the defendants' actions were "motivated by reckless or callow indifference" to his rights and caused over two years of pain and suffering.

Construing the complaint liberally and accepting the facts and reasonable inferences in a light most favorable to Plaintiff, as the Court must at this stage, the Court again finds these pleadings sufficient to survive dismissal.  While Dr. Winkelmeyer may very well possess evidence refuting Plaintiff's claims, such facts and evidence are properly presented in a motion for summary judgment.

5

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Winkelmeyer's motion to dismiss Plaintiff's complaint is **DENIED**. ECF No. 61.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2020.